# HESSE, NEWMAN, & COMPANY

*v.*

# C. LEDESMA Y COMPAÑIA.

San Juan, Equity, No. 951.

## RECEIVERSHIP AND THE MORTGAGE LAW.

Attorneys—Change of View.

    1. It is not material that attorneys have presented other views of the law on other occasions. It is their duty to present each case with all the force and knowledge of which they are capable.

Court—Parties Present.

    2. A court will hesitate to make a restraining order which will affect a third party who is not a party to the suit. No court will affect the rights of parties not having their day in court.

Federal Court—Injunction of Local Court.

    3. Revised Statutes, § 720, forbids the issue of an injunction to stay the proceedings of a local court except in bankruptcy; but where this point was raised, but not fully argued as to special pro-

Hesse, N. & Co. v. Ledesma y Compañia.

ceedings in a local court, the question will be considered again in a subsequent case.

Receiver—Appointment.

4. A receiver is the agent of the court, not of the parties, and will be removed unless neutral. If the parties do not agree in recommending the receiver, the court may refer the matter to the master to nominate a receiver.

Opinion filed October 30, 1914.

*Messrs. Alvarez, Nava, & Dominguez* for complainant.

*Mr. C. Coll y Cuchi* for defendant.

*Messrs. Herminio Diaz* and *H. G. Molina* for Westphaling & Company.

HAMILTON, Judge, delivered the following opinion:

This comes up upon bill of complaint filed by Hesse, Newman, & Company and seeks the appointment of a receiver.

It seems it is not contested that to-morrow there is to be a foreclosure sale at Arecibo in the usual form. This is under the mortgage law, at the instance of another creditor, Westphaling & Company, and the object of this bill is to have a receiver appointed, who would look after the interests of all parties, and, incidentally, to have this sale to-morrow held up in some proper way, at least until the facts can be inquired into. There are several things to be taken into account.

1. Something was said upon the argument, possibly on both sides, about attorneys having had different views of the

Hesse, N. & Co. v. Ledesma y Compañia.

law on other occasions; but that happens all the time, of course. Attorneys present cases as they come to them, present them properly with all the force and all the knowledge they are capable of; so this would not influence the court one way or the other. Neither would it influence the court, a fact which I am very glad to notice, that the attorneys seeking this equity jurisdiction are Porto Ricans. I am very glad indeed to see that they appreciate the advantages of the equity side of the jurisdiction of the United States court. Those matters are simply to one side.

2. The question in my mind is this: Assuming that a receiver should be appointed,—and, of course, where the complainant asks it and the defendant agrees to it, it would prima facie be unusual for the court to refuse the remedy, —what about the claim of Westphaling & Company? If a receiver is appointed, he would hold the property as between the two parties, the complainant and the defendant, and the appointment of the receiver as suggested would not make proper any steps in regard to a third party. The court would hesitate a good deal about making any restraining order which would affect a third person without his being a party to the suit. I would like to ask if there is any objection to amending the bill so as to bring in Westphaling as a defendant.

Mr. Dominguez: There is no objection. We will file an amended complaint this afternoon making Westphaling a party defendant.

Of course, that does not prove that Westphaling, a foreigner, will accept service. I do not say anything about that feature of it, but the amendment would remove a very serious objection in the mind of the court. Neither this court nor any other can

Hesse, N. & Co. v. Ledesma y Compañia.

affect the rights of parties unless they have their day in court. The court will assume for the purposes of this hearing that the amendment has been made.

3. The next question would be this: Section 720 of the Revised Statutes of the United States has been invoked in a similar proceeding on another occasion. Counsel may not recall the section, but it is a reduction to statutory form of the principle they mentioned as to interfering with other courts. "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state," and for the purposes of all proceedings in this court Porto Rico is a state, "except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." And that raises a serious question in the mind of the court. An almost identical question was presented some months ago, in which Mr. Scoville asked similar relief and this defense was brought up by Mr. Antonsanti. Mr. Scoville conceded that the marshal, in making a sale under the Porto Rican mortgage law, was acting under orders of a court, and that therefore such a proceeding would be in violation of § 720. That case was not seriously argued. Something was said, but it was not contested. Mr. Scoville conceded the point. While the court might be inclined to follow that particular case, still it is a matter which the court would not consider as necessarily binding, for the simple reason that it was not fully argued.

For the present § 720 would not stand in the way. That is to say, the order would not be a technical injunction, if granted. It would be simply a restraining order to whomever is the proper party to postpone the sale. But the final question under § 720 would be this: Is the marshal of the local court, in carrying

Hesse, N. & Co. v. Ledesma y Compañía.

out what is practically an *ex parte* proceeding, engaged in a judicial proceeding? and is the local court for that purpose a court in the sense of § 720? For instance, it has been held that a court of county commissioners in the United States, which has certain jurisdiction unquestionably, has certain quasi judicial functions, is not a court under § 720. In other words, where an officer, no matter whether you call him a judge or anything else, is acting in an administrative capacity, and not in a judicial capacity, he is not a court. You can see that it is a very important question. I am glad that it is raised, and it is one that ought not to be decided offhand.

4. Now a further point was mentioned, which probably need not be discussed at present, as to the appointment of a receiver. It is elementary that a receiver represents no party. He represents the court; he is simply the agent of the court. The court has certain officers, the clerk, marshal, etc., who have a regular term, and he has others that he appoints from time to time, a master or a receiver or other officers, and the receiver is not only the appointee of the court, but is the court for the purposes of the matter in hand. He is to be entirely neutral between the parties, and if he is not entirely neutral it would be the court's duty to remove him. So a receiver, if appointed, would be one that you gentlemen agree on as a proper person, or, if not, it would have to be referred to the master to nominate a receiver. The court would not like to go ahead under the circumstances and appoint a receiver without more light.

Assuming that this bill of complaint is amended so as to make Westphaling a party, I will grant the relief prayed for, and issue a restraining order to the marshal and to Westphaling and his agents and attorneys, staying the sale until a future

order; and I can say in passing that the delay will only be a short one. This court, I trust everybody recognizes, will never usurp jurisdiction. The present seems to be a pressing case. Conditions may be the fault of one side, as it is claimed. I do not pass upon that, but it is in point of fact, whosever fault it may be, a pressing case. If Westphaling comes in and the issues could be made up at once, I am afraid I would have to ask the master to pass upon the case primarily, for the simple reason that, as you know, I am about to go into jury trials, and there are only a certain number of hours in a day. But through the master or otherwise the case would be pushed forward as rapidly as possible.